# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. STONE, | Case No. 1:14 -cv-01639---SAB |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM |
| v. | |
| STANISLAUS COUNTY SUPERIOR COURT, et al., | (ECF No. 1) |
| | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff Christopher M. Stone, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 20, 2014. Currently before the Court is Plaintiff's complaint against Stanislaus County Superior Court and Stanislaus County Family Court Services. (ECF No. 1.)

**I.**

**SCREENING**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).

1

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## DISCUSSION

"The Eleventh Amendment bars suits for money damages in federal court against a state [and] its agencies . . ." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity," Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996). The Superior Court and Family Court Services are agencies of the state and as such are entitled to Eleventh Amendment immunity. Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987); Zoe v. Family Court Services of Alameda County, No. C 96-2588 CW, 1998 WL 292036, *8 (N.D. Cal. March 26, 1998).

Plaintiff may not bring a claim under section 1983 against Stanislaus County Superior Court and Stanislaus County Family Court Services in this action. Plaintiff shall be granted an opportunity to file an amended complaint to correct the deficiencies in his pleading. In the following paragraphs, the Court shall provide Plaintiff with the legal standards that appear to apply to the claims raised in his complaint.

    **A.**    **Linkage Requirement**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or

1  other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d
2  1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);
3  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In this instance there are several legal
4  principals relevant to Plaintiff's claims.

5        While "[t]he Eleventh Amendment bars suits for money damages in federal court against
6  a state, its agencies, and state officials acting in their official capacities," Aholelei v. Dept. of
7  Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007), it does not bar suits seeking damages from
8  public officials acting in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991).
9  However, government officials may not be held liable for the actions of their subordinates under
10 a theory of respondeat superior. Iqbal, 550 U.S. at 677. To state a claim under section 1983,
11 Plaintiff must demonstrate that each defendant personally participated in the deprivation of his
12 rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th
13 Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at
14 934. In other words, to state a claim for relief under section 1983, Plaintiff must link each
15 named defendant with some affirmative act or omission that demonstrates a violation of
16 Plaintiff's federal rights.

17     **B.   Judicial Immunity**

18       Judges are immune from liability under § 1983 when they are functioning in their official
19 capacities. Imbler v. Pactman, 424 U.S. 409, 427 (1976); Olsen v. Idaho State Bd. of Medicine,
20 363 F.3d 916, 922 (9th Cir.2004); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986).
21 Judicial immunity applies "however erroneous the act may have been, and however injurious in
22 its consequences it may have proved to the plaintiff." Cleavinger v. Saxner, 474 U.S. 193, 200
23 (1985). Nor is this immunity affected by the motives by which the judge performs his judicial
24 acts. Cleavinger, 474 U.S. at 200. A judge is absolutely immune from damage liability as long
25 as he performed a judicial act and did not act in the clear absence of jurisdiction." Stump v.
26 Sparkman, 435 U.S. 349, 357 (1978).

27       Judicial immunity is also afforded to "certain individuals who perform functions closely
28 associated with the judicial process." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 (9th Cir.

1 2001) (quoting Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996)). "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987). As long as the clerk acts within his general subject matter jurisdiction, he is entitled to absolute immunity from damages. Mullis, 828 F.2d at 1390.

Finally, individuals who perform functions that are an integral part of the judicial process are immune from liability. See Briscoe v. LaHue, 460 U.S. 325, 329 (1983) (witnesses testifying during judicial proceedings); Sellars v. Procunier, 641 F.2d 1295, 1303 (1981) (parole board officials in considering parole applications); Burkes v. Callion, 433 F.2d 318, 319 (9th Cir. 1970 (probation officers and court-appointed psychiatrists in preparing and submitting reports to the court); Demoran v. Witt, 781 F.2d 155, 158 (9th Cir. 1985) (probation officer in investigating and preparing presentencing report for court); Meyers v. Contra Costa County Dept. of Social Services, 812 F.2d 1154, 1158 (9th Cir. 1987) (child services workers in initiating and pursuing dependency proceedings); Todd v. Landrum, No. 2:12-cv-01770 LKK KJN PS, 2012 WL 5187836, at *3 (E.D. Cal. Oct. 17, 2012) (court appointed mediator).

Plaintiff is advised that he cannot state a claim based upon the actions of the judicial officials or those appointed by the court to assist in his case for acting within the scope of their jurisdiction.

### C.   Fourteenth Amendment Claim

Plaintiff contends that the actions alleged in the complaint violate his liberty interest in parenting by denying him Due Process under the Fourteenth Amendment. "It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." Lee v. City of Los Angeles, 250 F.3d 668, 685 (2001). Due process requires the observance of procedural protections before the state may interfere with the family relationship. Rogers v. County of San Joaquin, 487 F.3d 1288, 1294 (9th Cir. 2007). However, the interest in maintaining the family relationship is not absolute and the interest of the

4

parent must be balanced against the interests of the state and, when conflicting, the interests of the children. Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1125 (9th Cir. 1989).

While it is unclear from the complaint, it appears that this action is based upon a child custody dispute in which Plaintiff received a two day trial on August 13 and 14, 2013. Following the trial, the judge determined that Plaintiff had a mental problem that made him unsafe to care for his daughter. (Compl. ¶ 3, ECF No. 1.) Plaintiff's due process claims appear to stem from recommendations to the court by persons appointed to assist the court and decisions made by the court during the pendency of the proceedings for which the actors are entitled to judicial immunity.

Rule 15(a) of the Federal Rules of Civil Procedure is very liberal and leave to amend "shall be freely given when justice so requires." Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Accordingly, Plaintiff shall be granted an opportunity to amend his complaint.

## III.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff has failed to state a claim for a violation of his constitutional rights under section 1983. Plaintiff shall be granted an opportunity to file an amended complaint to cure the deficiencies identified in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed October 20, 2014, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 19, 2014**

UNITED STATES MAGISTRATE JUDGE