# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. STONE,<br><br>      Plaintiff,<br><br>    v.<br><br>STANISLAUS COUNTY SUPERIOR COURT, et al.,<br><br>      Defendants. | Case No.  1:14 -cv-01639---SAB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING EXTENSION OF TIME TO FILE AMENDED COMPLAINT<br><br>(ECF Nos. 8, 9)<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Christopher M. Stone, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 20, 2014.  The Court screened Plaintiff's complaint.  On November 19, 2014, an order issued finding that Plaintiff had failed to state a claim and granted thirty days in which to file an amended complaint.  On December 11, 2014, Plaintiff filed a motion for appointment of counsel and a motion for an extension of time to file an amended complaint.

      Generally, a plaintiff in a civil action does not have a constitutional right to appointed counsel.  Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989).  The district court has discretion to request counsel to represent an indigent litigant under 28 U.S.C. 1915(e)(1).  Three factors the court should consider in determining whether to appoint counsel are the plaintiff's financial resources, efforts the plaintiff has made to obtain counsel, and the merit of plaintiff's

claims. Johnson v. U.S. Dep't of Treasury, 939 F.2d 820, 823 (9th Cir. 1991).

Additionally, court appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) requires exceptional circumstances. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). " 'A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision." Terrell, 935 F.2d at 1017 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986)).

Plaintiff has not shown that he has made any efforts to obtain counsel to assist him in this action. Even assuming that Plaintiff is not well versed in the law and has made serious allegations that would entitle him to relief, his case is not exceptional. This Court is regularly faced with similar cases. Further, the legal issues involved in this action are not complex and review of Plaintiff's complaint shows that he is able to articulate his claims.

Having screened the complaint, the Court cannot determine that Plaintiff is likely to succeed on the merits of his claims. Plaintiff is attempting to bring this action against the State Court in which he received a two day trial involving a child custody dispute and the judge found that he had a mental problem that made him unsafe to care for his daughter. (ECF No. 6 at 5.). The individuals named in the suit are entitled to immunity for their actions in prosecuting and trying his case. (Id. at 3-4.)

Plaintiff has failed to demonstrate that exceptional circumstances exist which would support granting appointment of counsel in this action. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.

In this instance, the Court shall grant Plaintiff's motion for an extension of time to file an amended complaint. However, Plaintiff is advised that no further motions for an extension of time shall be granted without a showing of good cause.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED;
2. Plaintiff's motion for an extension of time is GRANTED;

3. Within thirty (30) days of the date of service of this order, Plaintiff shall file an amended complaint; and

4. Failure to file an amended complaint in compliance with this order will result in this action being dismissed.

IT IS SO ORDERED.

Dated: **December 12, 2014**

UNITED STATES MAGISTRATE JUDGE

3